## MacEnulty v. Carnegie Steel Company.

*Practice, C. P.—Letters rogatory—Fishing expedition—Province of court—Act of April 8, 1833.*

1. The request by letters rogatory issued by a court of another state for appointment of a commissioner to take testimony in an action in that state between two corporations having their principal offices and places of business in Allegheny County, Pennsylvania, for damages for breach of contract, will not be honored where it appears that its purpose, as revealed by the interrogatories attached to the letters, is largely that of a "fishing expedition," and particularly where the letters show that the testimony and records sought are to be used only "as plaintiff may elect."

2. The Act of April 8, 1833, P. L. 305, 308, does not confer jurisdiction upon our courts in cases of letters rogatory; it merely prescribes the manner of their execution when such letters are received from another state.

Letters rogatory. C. P. Allegheny Co., Jan. T., 1922, No. 941.

*Dalzell, Fisher & Dalzell,* for plaintiff.

*Packer & Sherrard,* for defendant.

STONE, J., Oct. 29, 1921.—This matter comes before us on motion of counsel for the plaintiff, presenting to us certain letters rogatory issued by the Supreme Court of the City and County of New York, directed to this court. By the motion and such letters we are requested to cause certain individuals, officers or employees of the defendant, residing in this jurisdiction, to appear before us or some competent person by us appointed, at a time and place by us to be fixed, "there to answer on their oaths and affirmations to the several interrogatories hereunto annexed, and that you will further require the defendant, by said officers or employees, to produce, under the process of your court, the several documents and records referred to in said interrogatories, or copies thereof, to be offered in evidence and annexed to the depositions of the witnesses as plaintiff may elect. . . ."

To the letters rogatory and the motion of counsel as presented to us, objections have been filed not only by the defendant, but by the individuals whose testimony the plaintiff desires to obtain. The objections as filed are under oath, and contain averments of fact in addition to reasons assigned in support of the objections. No. reply of any kind has been made by the plaintiff. No reason assigned in support of the objection attacks the letters rogatory as to form or substance. In view of such failure, counsel for plaintiff argues with considerable force that there is practically nothing left for us to do except appoint a commissioner to take the testimony desired.

Our attention is called to two cases of our own court, viz., In re Robb's Petition, 1 Dist. R. 367; Doubt v. P. & L. E. R. R. Co., 6 Dist. R. 238. No cases have been cited by counsel on either side, and our own investigation has

discovered none, which consider in a better and clearer way than the cases cited our duties and privileges in the matter of letters rogatory.

"Our statute" of April 8, 1833, P. L. 308, says Judge White in the Robb case, "does not confer jurisdiction upon our courts in cases of letters rogatory; it merely prescribes the manner of their execution when such letters are received from another state."

Letters rogatory are not the creation of a statute. They existed before any statute on the subject. They arose from the principle of comity between friendly nations or independent states. As one nation could not compel the attendance of witnesses from another nation, justice would often fail unless there could be some mode of getting their testimony. This was accomplished by a letter from the court in which the suit was pending to the court in the other nation, asking for assistance in obtaining the testimony of witnesses residing within its jurisdiction, and a promise to do the like favor if that court should need the testimony of witnesses within its jurisdiction.

Judge Slagle, in the Doubt case, in substance, gives the same consideration to letters rogatory. In addition, he says: "This indicated very clearly what is the usual and ordinary form of proceeding, and when such a request is presented, it would be our duty, and should be our pleasure, to grant the request and furnish the desired aid, but we are not bound to respond to an unusual and extraordinary request."

In other words, the granting of such a request or the refusal so to do is entirely discretionary, but in a proper case should always be granted.

While the interrogatories attached to the letters rogatory may or may not have the approval of the Supreme Court of the City and County of New York, it alone can determine the competency and relevancy thereof as evidence in the trial of the cause. We are, nevertheless, reminded that the witnesses whose testimony is sought are entitled to the protection of this court. They should not be required to answer any interrogatory which might do an injustice to them or the defendant, and this for the reason the very foundation of the letters rogatory as therein contained is to do justice between the parties.

Judge Slagle, in the Doubt case, in commenting on the action of the plaintiff in going to Ohio to bring his suit, instead of bringing it in this jurisdiction, where he lived and where the defendant had its main offices, records, etc., and where the cause of action arose, said: "It is conceded that the plaintiff had the right to bring his suit in Ohio, but it is claimed that, under the circumstances, our courts are not bound and ought not to grant assistance to a person who has gone out of our jurisdiction for some purpose not disclosed; that the exercise of comity does not depend upon the courts alone, but is to be determined by the status of the parties as well. This seems to have some force."

An examination of the objections filed by the defendant and the witnesses whose testimony is sought, a copy of the complaint and amended answer as filed in New York Court, and the interrogatories, convinces us the status between the parties is as follows:

The plaintiff is the vice-president of the Pressed Steel Car Company, which company (as does the defendant) has its principal offices, mills, works, records and papers of various kinds within the jurisdiction of this court. Between Oct. 9th and Nov. 10, 1916, the companies named entered into five separate and distinct contracts, all of which called for the manufacture by the defendant and shipment to the plaintiff at its main works, located in this jurisdiction, of several thousand tons of steel products. It is alleged the defendant did not ship all of the material it contracted to deliver to the plaintiff, and the

defendant "delivered to other manufacturers the steel and car material which it manufactured from time to time, and which might have been delivered to said Pressed Steel Car Company. . . ." The car company made an assignment of the five contracts in question to its vice-president, a resident of New York, and he instituted the proceeding hereinbefore referred to in the Supreme Court of the City and County of New York. He alleges discrimination, preferential deliveries.

No reason appears anywhere in the pleadings for the aforesaid assignment; much less is there any reason assigned for entering the action in a jurisdiction entirely foreign to the place where the two corporations named have their chief works, offices, records, officers and employees.

The plaintiff herein, with respect to his claim of discrimination, has in the pleadings filed in New York averred that: "Such preferential treatment can only be disclosed through an examination of the records of the Carnegie Steel Company covering these two years, in connection with the oral examination of the officers and employees of the Carnegie Steel Company who are conversant with the facts."

Following such an averment, the application for letters rogatory was made and in due time interrogatories filed.

Among the questions proposed to be submitted to Mr. J. P. Kessler, Jr., there are seventeen requiring him to produce office, mill and shop records or copies thereof; three questions to be asked Mr. William C. McCausland require him to produce contracts and other important documents or copies thereof; six questions to be asked Mr. Homer D. Williams require him to produce many important documents and private papers or copies thereof; all of which is "to be offered in evidence, . . . as plaintiff may elect."

While it is true an action for damages for breach of a contract is a transitory one, it does not follow it is also migratory.

If there ever was a roving commission issued under the guise of regular application of legal principles, this case presents it. The very thought as expressed in plaintiff's affidavit, *supra,* followed by the demand, as contained in the interrogatories, to attach the original records of the defendant or copies thereof, would be very voluminous, and also that, after the trouble and expense of obtaining the vast amount of data, it, or rather only so much of it, is actually to be offered in evidence to do justice between the parties "as plaintiff may elect." How unfair, therefore, it would be for us to put our stamp of approval on what has gone before by appointing a commissioner. This fishing expedition, inaugurated by the plaintiff, is strenuously objected to by the defendant and the witnesses in question, and, to our mind, properly so.

"As to the idea that this was a mere fishing suit, and not brought for the object which it purports, and merely intended to pry into the doings of the court martial, the judge observed that if it could have been proved to his satisfaction that such was the true character of the proceedings, he would at once refuse to act in the case: . . ." In re Mackenzie, 2 Pa. L. J. Reps. 343.

We might cite other matters covered by the pleadings, but we deem it not necessary to do so. We have referred to the main points in the case, so far as this application is concerned, and, when tested by the rules as hereinbefore contained, the conclusion is irresistible that the motion of counsel for the plaintiff "for the appointment of a commissioner to take the testimony designated in said letters rogatory" must be refused.

From Edwin L. Mattern, Pittsburgh, Pa.